UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **3Nod Digital (Hong Kong) Limited**, <br> Room 3401-04 & 09-10, 34/F, <br> Alexandra House, 18 Chater Road, <br> Hong Kong; <br><br> *Plaintiff*, <br><br> v. <br> **UNITED STATES DEPARTMENT OF STATE**, <br> The Executive Office, <br> Office of the Legal Advisor, <br> Suite 5.600, 600 19th Street N.W., <br> Washington, D.C. 20522-0000; <br><br> and <br><br> **UNITED STATES DEPARTMENT OF STATE, OFFICE OF ECONOMIC SANCTIONS POLICY AND IMPLEMENTATION**, <br> The Executive Office, <br> Office of the Legal Advisor, <br> Suite 5.600, 600 19th Street, NW, <br> Washington, D.C. 20522-0000; <br><br> and <br><br> **OFFICE OF FOREIGN ASSETS CONTROL**, <br> 1500 Pennsylvania Avenue, N.W., <br> Washington, D.C. 20220, <br><br><br><br> *Defendants.* | Case No. 25-968 |

## COMPLAINT FOR INJUNCTIVE RELIEF

Petitioner 3Nod Digital (Hong Kong) Limited (the "Plaintiff") brings this complaint for

injunctive relief against the United States Department of State, the United States Department of

State's Office of Economic Sanctions Policy and Implementation ("OESPI"), and the United States Treasury's Office of Foreign Assets Control ("OFAC") (collectively, the "Defendants"). In support of this complaint, Plaintiff alleges as follows:

## INTRODUCTION

1.      This is an action under Section 706(1) of the Administrative Procedure Act (the "APA") to compel Defendants to render a final agency action on the administrative reconsideration petition submitted pursuant to 31 C.F.R. § 501.807 (the "Delisting Petition") for removal of Plaintiff from OFAC's List of Specially Designated Nationals and Blocked Persons ("SDN List").

## JURISDICTION AND VENUE

2.      The Court has jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, the Declaratory Judgement Act, 28 U.S.C. §§ 2201(a), 2202, and the Administrative Procedure Act, 5 U.S.C. § 706(1).

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

4.      This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a), 2202 and Fed. R. Civ. P. Rule 57.

5.      The Court has jurisdiction to award attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2).

6.      Venue is proper in the District of Columbia as this is the district in which the events giving rise to the Complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391 (b) and (e).

**THE PARTIES**

7.       Plaintiff 3Nod Digital (Hong Kong) Limited is a private limited company established in 2012 in Hong Kong with a registered address at Room 3401-04 & 09-10, 34/F, Alexandra House, 18 Chater Road, Hong Kong and business registration number 60786175. Plaintiff's business operations include the distribution of consumer audio equipment.

8.       Defendant the United States Department of State (the "Department of State" or "State") is a cabinet-level governmental department led by the Secretary of State that manages the United States' relationship with foreign governments, international organizations, and the people of other countries. It is located at 2201 C. Street, NW, Washington, D.C. 20520.

9.       Defendant OESPI is a component of the Department of State. It is located at 2201 C St., NW, Suite 4657, Washington, D.C. 20520.

10.       Defendant OFAC is a federal administrative agency of the United States Department of the Treasury and is located at 1500 Pennsylvania Avenue, NW, Freedman's Bank Building, Washington D.C. 20220. OFAC is responsible for administering and enforcing economic and trade sanctions against targeted foreign countries and individuals. To accomplish this task, OFAC maintains and administers the SDN List.

11.       The Defendants are part of the Executive Branch of the United States Government and agencies within the meaning of 5 U.S.C. § 552(f)(1).

**FACTUAL ALLEGATIONS**

12.       Plaintiff was designated by State on June 12, 2024, and added to OFAC's SDN List pursuant to Executive Order ("E.O.") 14024 for allegedly supplying over $1 million worth of CHPL [Common High Priority List] items to Russian companies, including an SDN.

13.     On June 24, 2024, Plaintiff filed a preliminary letter with Defendants alleging the June 12 designation was erroneous and requesting reconsideration.

14.     On June 28, 2024, Defendant OFAC responded, providing the Case ID (RUSSIA-EO14024-38319) and asserting the designation was made pursuant to Department of State authority.

15.     On July 1, 2024, Defendant OESPI acknowledged receipt of Plaintiff's preliminary letter.

16.     On July 31, 2024, Plaintiff submitted its formal Delisting Petition to Defendants.

17.     On August 20, 2024, Plaintiff filed an Administrative Record Request and a request under the Freedom of Information Act ("FOIA") with Defendants, seeking documents supporting the designation of Plaintiff, and requesting expedited processing.

18.     On August 26, 2024, Defendant OFAC denied Plaintiff's request for expedited processing of the FOIA request.

19.     On August 30, Plaintiff appealed Defendant OFAC's denial of the request for expedited processing of its FOIA request.

20.     On November 22, 2024, Defendant OESPI issued Plaintiff its first questionnaire.

21.     On December 5, 2024, Plaintiff submitted responses to OESPI's first questionnaire.

22.     On December 13, 2024, Plaintiff and its counsel met with OESPI's director and other officials at the State Building for over one and a half hours. Plaintiff explained the erroneous designation, and the imminent and irreparable harm caused, and answered the officials' questions. OESPI's director confirmed receipt of all information and stated no further questions remained.

23.     On December 19, 2024, Plaintiff emailed OESPI requesting updates on the adjudication process. OESPI confirmed it had all the information for its decision on Plaintiff's Delisting Petition for the time being.

24.     On January 15, 2025, Defendant OESPI issued a second questionnaire containing three questions.

25.     On January 17, 2025, Plaintiff submitted responses to the second questionnaire.

26.     On January 31, 2025, Plaintiff emailed OESPI, detailing the ongoing hardship caused by the designation. OESPI confirmed it had received all follow-up information needed for adjudication of Plaintiff's Delisting Petition.

27.     On February 10, 2025, Plaintiff requested an expedited decision on the removal or a letter of intent to remove to provide to suppliers and customers while waiting for formal publication of the removal decision in the Federal Register due to the ongoing harm caused by the designation. OESPI denied the request for a letter of intent to remove but said that the Delisting Petition was still being reviewed.

28.     On February 21, 2025, OESPI notified Plaintiff no further information was required for adjudication of the Delisting Petition.

29.     On February 26, 2025, Plaintiff respectfully demanded a decision by March 14, 2025. OESPI responded on February 27, 2025, stating another questionnaire would be issued, although OESPI had stated less than a week earlier that no further information was required for adjudication of the Delisting Petition.

30.     On February 28, 2025, OESPI issued a third questionnaire with four questions.

31.     On March 7, 2025, Plaintiff submitted responses to the third questionnaire, referring to information that had been previously provided in response to the first two questionnaires.

32.     On March 20, 2025, in response to Plaintiff's demand letter, OESPI stated that it was not able to provide a time estimate for the completion of its review of Plaintiff's Delisting Petition.

33.     State has issued public guidance on its website declaring that "[i]n those instances where the Department of State, in consultation with the Department of the Treasury, designated the person requesting the delisting, the Department of State also will be the Adjudicating Agency."[1]

34.     The International Emergency Economic Powers Act ("IEEPA"), Titles 22 and 31 of the Code of Federal Regulations, and E.O. 14024 do not define "Adjudicating Agency."

35.     There is no apparent delegation of authority to State or actual legal authority expressed in IEEPA, Titles 22 and 31 of the Code of Federal Regulations, and E.O. 14024 empowering State to "administer and adjudicate" delisting petitions.[2]

36.     As of the date of this filing, Defendants have not issued a final agency decision on Plaintiff's Delisting Petition despite Plaintiff submitting its Delisting Petition more than 245 days ago and despite stating at least four times that the Defendants needed no further information for adjudication of Plaintiff's Delisting Petition.

37.     Plaintiff asserts that Defendants have unreasonably delayed rendering a final agency action on the Delisting Petition in violation of 5 U.S.C. § 706(1).

---

[1] State Website, *Delisting Guidance for Those Designated for Sanctions by the Department of State*, available at https://www.state.gov/sanctions-delisting/ (accessed March 7, 2025).

[2] *Id.*

Claim for Relief

**COUNT I**

FAILURE OF DEFANDANTS TO RENDER A TIMELY
FINAL AGENCY ACTION PURSUANT TO 31 C.F.R. § 501.807

38.     Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

39.     By and through its Delisting Petition and responses to questionnaires, Plaintiff continually has requested that Defendants remove them from the SDN List.

40.     The APA requires agencies to "conclude a mater presented to it . . . [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." 5 U.S.C. § 555(b).

41.     Under the APA, reviewing courts are required to compel agency actions unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

42.     Defendants have unreasonably delayed in producing a final agency action on the Delisting Petition within a reasonable time in violation of 5 U.S.C. § 706(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Order Defendants to render a final agency action on the Delisting Petition that is the subject of this Complaint;

B.     Provide for expeditious proceedings in this action;

C.     Award Plaintiff costs and reasonable attorneys' fees incurred in this action; and

D.    Grant such other relief as this Court may deem just and proper.

Dated:    April 2, 2025

Respectfully submitted,

STEPTOE LLP

Jason D. Wright
DC Bar #1029983
1114 Avenue of the Americas
New York, NY 10036
Tel:  +1 212-508-8844
E-mail: jwright@steptoe.com

Wendy L. Wysong
DC Bar #406103
1330 Connecticut Ave., NW
Washington, DC 20036
Tel:  +1 202 4298092
E-mail: wwysong@steptoe.com

*Counsel for Plaintiff*